# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Office of the Clerk

### After Opening a Case – Pro Se Appellants
*(revised April 2016)*

**Court Address**

| *Mailing Address for U.S. Postal Service* | *Mailing Address for Overnight Delivery (FedEx, UPS, etc.)* | *Street Address* |
|---|---|---|
| Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, CA 94119-3939 | Office of the Clerk James R. Browning Courthouse U.S. Court of Appeals 95 Seventh Street San Francisco, CA 94103-1526 | 95 Seventh Street San Francisco, CA 94103 |

**Before you prepare your case, please read all information carefully.** Keep the following points in mind:

- Your appeal has been assigned a Court of Appeals case number. You must include this number on all correspondence and filings you send to this Court and to opposing counsel.

- You must keep a copy for your personal records of all documents you send to this Court.

- Your documents must be legibly typed or written. Do not use tissue paper. If the Clerk cannot read the documents when they arrive, they will not be processed. Avoid unnecessary binding or staples and paginate your documents numerically, as they will be scanned and attached to the docket.

- If you move or your mailing address changes, you must notify this Court in writing immediately. If you do not, you could miss important papers from this Court notifying you of deadlines or decisions. Missing a filing deadline may cause your case to be dismissed without further notice.

**Special note concerning Electronic Filing**

As a pro se appellant, you are not required to file documents electronically using the Ninth Circuit's CM/ECF (Case Management/Electronic Case Files) system. However, if you are not currently incarcerated and if you have regular access to a reliable internet connection as well as a computer that meets the hardware and software requirements, you may register for CM/ECF. You will find information about the technical requirements for electronic filing on the Court's website, www.ca9.uscourts.gov under *Electronic Filing – CM/ECF*. You must register as an electronic filer before you will be able to file documents electronically.

If you decide to register and to file documents electronically, you should review the Court's rules relating to electronic filing. These rules are contained in the Court's Circuit Rules, which are available on the Court's website www.ca9.uscourts.gov under *Rules*.

### Your Appeal in the Ninth Circuit – A Quick Overview

**Case number.** You must include your case number on anything you send to the Court. With your case number, you'll also receive:

**Time Schedule Order**. This important order tells you when certain documents, such as briefs, are due.

**Sample Certificate of Service**. You must include a certificate of service with each document you file with this Court in order to show that you sent a copy of the document to opposing counsel.

**Informal Brief Form**. If you use this form, you are not required to comply with the technical requirements for Ninth Circuit briefs.

**Form 13.** Complete and mail this form in order to receive one extension of time of up to 30 days to file your brief.

**Change of address.** You must notify the Court in writing of any change of address. 9th Cir. R. 46-3. A form is available on the Court's web site if you file in paper format. If you choose to register and file electronically, you

must change your address via PACER at:
https://pacer.psc.uscourts.gov/pscof/login.jsf

**Filing fee.** You must pay your filing fee in the originating court (for example, the district court), or ask that the fee be waived (called "proceeding in forma pauperis"). Instructions for filing a motion to proceed in forma pauperis are included in the "General Information" section of this document. If your motion to proceed in forma pauperis is denied and you do not pay the fees, your case will be dismissed.

**Opening brief.** You must file your opening brief by the date stated on the time schedule order. Do not file an opening brief until after the court issues an order with a due date for the opening brief.

**Reply brief.** If you want to file a reply to your opponent's brief, you must do that within 14 days of the date your opponent served you with the brief.

**Habeas cases.** If you are an appellant in an appeal from an action filed pursuant to 28 U.S.C. § 2254 or § 2255, you must first obtain a *certificate of appealability* regarding any issues you want to raise in your brief. If the district court has denied a certificate of appealability, you must request a certificate from this Court. 9th Cir. R. 22-1. This is explained further in the "General Information" section of this document.

**Completion of briefing.** Once all the briefs are filed, the case will be considered by a panel of three judges. Unless one or more of the judges requests that oral argument be heard, your case will be decided based on the information included in the briefs and the record. Fed. R. App. P. 34(a)(2). If the judges decide that oral argument would be beneficial to the Court, you will receive notice that your case has been put on a hearing calendar.

**Decision before briefing is complete.** In some cases, the judges may decide a case before the completion of briefing. 9th Cir. R. 3-6.

**Final decision.** When the judges decide your case, you will receive a memorandum disposition, opinion or order.

# General Information for Pro Se Appellants

## 1. THE COURT OF APPEALS

The Court of Appeals reviews final decisions of the U.S. District Court, U.S. Tax Court, U.S. Bankruptcy Court, the Bankruptcy Appellate Panel, and certain federal agencies. The Court looks at the originating court record as well as the briefs of the parties to see if there are any constitutional, legal, or factual mistakes. No new evidence or testimony can be presented in this Court.

## 2. THE FEDERAL RULES

You must carefully follow the Federal Rules of Appellate Procedure (Fed. R. App. P.) and the Ninth Circuit Rules (9th Cir. R.). The Federal Rules and the Ninth Circuit Rules are available on the Court's website, www.ca9.uscourts.gov under *Rules*. If you would like a paper copy of the Ninth Circuit Rules sent to you free of charge, please send a written request with a return mailing label to the Clerk's office.

## 3. PAYMENT OF FEES

The docketing and filing fees for an appeal are paid in the originating court when the notice of appeal is filed. Do not send your payment to this Court, even if you are paying after the appeal has been opened at the direction of an order of this Court. The only fees that are mailed to this Court are for appeals arising out of a Bankruptcy Appellate Panel decision.

**If you cannot afford to pay the fees,** you may file a motion to proceed without payment of fees, called a motion to proceed *in forma pauperis*. A financial affidavit, including a statement by you swearing under penalty of perjury that you do not have enough money or other assets to pay the fees, must be included with your motion. The financial affidavit may be found at Form 4, Federal Rules of Appellate Procedure, available on the Court's website, www.ca9.uscourts.gov under *FAQs, Forms and Instructions*.

**If you do not pay your filing fees or file a motion to proceed *in forma pauperis*, your case will be dismissed.** 9th Cir. R. 42-1.

- The motion to proceed *in forma pauperis* may be denied if the Court determines either that you are not indigent *or* that your appeal is without legal or factual merit. If the motion is denied, you must pay the fees or your case will be dismissed. 9th Cir. R. 42-1.

- If your motion to proceed in forma pauperis is granted, you do not need to pay the filing fees, unless you are a prisoner in a civil (non-habeas corpus) appeal, in which case you will be required to pay the entire filing fee when funds exist in your prison account. 28 U.S.C. § 1915(b). If you are incarcerated, the Court will notify you of your obligations under this statute and will require you to complete and return an authorization form to allow prison officials to deduct the funds from your account on a monthly basis. In addition, all litigants proceeding in forma pauperis still have to pay for other expenses of their appeal, including copying, mailing, and costs you may have to pay your opponent if you lose the appeal. Fed. R. App. P. 39.

- If you were permitted to proceed in forma pauperis in the district court and that status has not been revoked, you do not need to file a motion in this Court. Fed. R. App. P. 24(a). You will still be obligated to pay the fees under 28 U.S.C. § 1915(b) in civil appeals if you are incarcerated.

## 4. CERTIFICATE OF APPEALABILITY

In all appeals from proceedings filed pursuant to 28 U.S.C. § 2254 or § 2255, the appellant must obtain a certificate of appealability (COA) in order to seek review in the Court of Appeals. Fed. R. App. P. 22(b). If the district court denies a COA as to all issues, you must request a COA from the Court of Appeals. 9th Cir. R. 22-1. A timely notice of appeal will be considered as a request for a certificate of appealability in this Court.

## 5. TRANSCRIPT DESIGNATION AND ORDERING FORM

Whether or not you are incarcerated, if you want to refer to matters that were discussed during district court hearings to support what you tell the Court in your brief, you <u>must </u>order a transcript of the hearing and pay the court reporter to prepare the transcript (or file a motion for transcripts at government expense). You must fill out the transcript designation form and include the date of the hearing and the name of the reporter who reported the hearing. A copy of the designation must

be sent to the reporter and to the district court, and must be served on opposing counsel. Forms are available from the district court clerk. You are not required to designate written pleadings or orders that were filed in the originating court unless you are appealing an order issued by the Bankruptcy Appellate Panel or a district court reviewing a bankruptcy court order.

## 6. TRANSCRIPTS AT GOVERNMENT EXPENSE

Having in forma pauperis status in civil appeals does not automatically entitle you to transcripts at government expense, unless you are appealing from the denial of a petition filed pursuant to 28 U.S.C. § 2254 or § 2241. You must first file a motion for transcripts in the district court. If that motion is denied, you can file the same motion in the Ninth Circuit. 28 U.S.C. § 753(f).

You may request transcripts at government expense only for hearings conducted in the district court in the proceeding that generated your appeal; the Court will not authorize payment for production of transcripts of hearings that were held in other courts or other proceedings.

## 7. APPOINTMENT OF COUNSEL

In direct criminal (non-habeas) appeals, if you have in forma pauperis status or can show that you are indigent, you are entitled to appointed counsel so long as you ask that counsel be appointed by filing a "Motion for Appointment of Counsel." Remember to include a Certificate of Service with the motion stating that you served counsel for the opposing party with a copy of the motion.

In civil appeals, the Court appoints an attorney (or requests the services of a volunteer attorney) in a very limited number of cases. To request that the Court appoint an attorney for you, you should file a "Motion for Appointment of Counsel" stating the reasons why you need an attorney and why you cannot afford an attorney.

## 8. BRIEFS

Your brief is the written argument of your case. You will file the first brief, called the Opening Brief. The other side is given a chance to file a brief answering your arguments in an Answering Brief. You will have an opportunity to respond to your

opponent's brief in a Reply Brief.  If your action was dismissed by the district court prior to service of process on the defendants, there will be no appellees in your appeal, absent a Court order to the contrary, and the appeal will be considered fully briefed upon filing of your Opening Brief.

The time schedule order tells you when the Opening Brief is due.  Do not file an Opening Brief until you receive a due date from the Court.   The Court will dismiss your case if you do not file your brief when it is due.  Your briefs are considered filed as of the date you mail them to the Court.  Fed. R. App. P. 25(a)(2)(B).  (This is not true for any other filing with the Court, unless you are incarcerated or in detention.  Fed. R. App. P. 25(a)(2)(C).)  Note that briefing in certain appeals may be expedited, giving very short deadlines to both parties.  9th Cir. R. 3-3 (appeals from the denial of preliminary injunctive relief).

In general, briefs should include:

1. Your Ninth Circuit case number.
2. A statement of the facts of your case.
3. What the originating court decided.
4. The issues in your appeal.
5. The legal arguments you wish to present.
6. A statement of what you want this Court to do – reverse or modify the originating court decision, or remand the case back to the originating court – and why.
7. Your signature.  All briefs must be signed by each pro se appellant.  Fed. R. App. P. 32(d).
8. A Certificate of Service.

Fed. R. App. P. 28 and 32 and 9th Cir. R. 28-1, 28-2, 28-4, 32-1, 32-3, and 32-5 contain the exact requirements for the content and form of a brief.

Because you are appearing without the help of an attorney, you may file the informal brief form included in this package.  Using this form means that your opening and reply briefs need not comply with the technical requirements of the Rules.  9th Cir. R. 28-1(c) & 32-5.  You may add additional pages to the informal brief form, up to a total of 40 double-spaced pages.  If you choose not to use the informal brief form, your briefs must meet **all** of the requirements of the federal

rules, and must include a Certificate of Compliance found on the Court's website, www.ca9.uscourts.gov, under *FAQs, Forms and Instructions*. If it does not, we may return it to you for correction, which will delay the decision in your case.

File the **original and 7 copies** of your briefs with the Court. 9th Cir. R. 31-1. You must also send **2 copies** of your brief to counsel for each opposing party unless you have been granted pauper status; pro se parties with pauper status need only serve **one copy** on opposing counsel. Fed. R. App. P. 31(b).

If you choose to register and submit your brief electronically, do not send any paper copies of the brief to the Court until you are ordered by the Clerk to do so. 9th Cir. R. 31-1. You must also send **2 copies** of your brief to any exempt or un-registered opposing counsel unless you have been granted pauper status; pro se parties with pauper status need only serve **one copy** on opposing counsel. Fed. R. App. P. 31(b).

## 9. EXTENSIONS OF TIME TO FILE A BRIEF

If you need an extension of time in which to file your brief and have not requested a previous extension of time to file that brief, you may request one extension of no more than 30 days by filing Form 13 or, if you are registered for CM/ECF, by using the "File Streamlined Request to Extend Time to File Brief" event on or before your brief's existing due date.

If you need more than a 30-day extension, or have already been granted one or more extensions to file the brief, you must file a written motion for extension of time in which to file your brief. This motion must be filed at least 7 calendar days before the due date for your brief. Your motion must meet the requirements of 9th Cir. R. 31-2.2(b).

## 10. FILING MOTIONS

Any motions filed while your appeal is pending must clearly identify the relief you seek and the legal grounds for relief. You must file **an original motion** with the Court and serve **one copy** of the motion on each opposing counsel. 9th Cir. R. 27-1. A Certificate of Service must be attached to the original and to each copy.

If you are requesting emergency relief (requesting action by this Court within 21 days), you must first call the Motions Unit of the Court at (415) 355-8020. The attorney on duty will help you figure out the best way to get your motion filed.

If you want to file a motion for reconsideration or clarification of an order, you must do so within 14 days of the order's filing date (or 45 days when it is a civil case with a federal participant where the order disposed of the case). 9th Cir. R. 27-10(a).

## 11. PETITION FOR REHEARING

If your case is decided by a memorandum disposition or opinion and you think the Court's final decision on the merits of your case was wrong, you may file a petition for rehearing in the Court **within 14 days of entry of judgment (or 45 days when it is a civil case and there is a federal participant)**. Fed. R. App. P. 35 & 40; 9th Cir. R. 35-1 & 40-1. The petition must not exceed 15 pages. 9th Cir. R. 35-4(a) and 40-1(a). Do not present any new facts or legal arguments. Instead, explain how the Court may have overlooked arguments or misunderstood the facts of your case.

After the Court either denies your petition for rehearing or issues a new judgment upon rehearing in your case, you may file a petition for a writ of certiorari in the United States Supreme Court. Consult the Supreme Court's Rules before filing your petition for a writ of certiorari. Remember that you must have a legal basis to support your belief that the Court's final decision was incorrect; it is not enough to simply disagree with the outcome.

If you do not file a petition for rehearing in this Court, you may still file a petition for a writ of certiorari directly in the United States Supreme Court.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____      9th Cir. Case No. _____
Appellant,

                                       Originating Court Case No. _____

      vs.

_____
Appellee(s).

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1.    Jurisdiction

      a.    Timeliness of Appeal:

           (i)    Date of entry of judgment or order of originating court: _____

           (ii)   Date of service of any motion made after judgment (other than for fees and costs): _____

           (iii)  Date of entry of order deciding motion: _____

           (iv)  Date notice of appeal filed: _____

           (v)   For prisoners, date you gave notice of appeal to prison authorities: _____

9th Cir. Case No. _____                                  Page 2

2.     What are the facts of your case?

9th Cir. Case No. _____ Page 3

3. What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

4. State the claim or claims you raised at the originating court.

5. What issues are you raising on appeal? What do you think the originating court did wrong?

9th Cir. Case No. _____  Page 4

6. Did you present all issues listed in #5 to the originating court?

   _____    If not, why not?
   Yes/No

7. What law supports these issues on appeal?
   (You may, but need not, refer to cases and statutes.)

9th Cir. Case No. _____ Page 5

8. Do you have any other cases pending in this court? If so, give the name and docket number of each case.

9. Have you filed any previous cases which have been decided by this court? If so, give the name and docket number of each case.

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?

_____   _____
Name                                                               Signature

_____
_____
Address

_____
Date

# CERTIFICATE OF SERVICE

Case Name: _____ v. _____

9th Cir. Case No.: _____

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the _____
                      (title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

                                        _____
                                        Signature
                                        Notary NOT required

| Name | Address | Date Served |
| --- | --- | --- |

**Form 13.  Initial Streamlined Request for Extension of Time to File Brief**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**NOTE:** This form is for use solely by parties who are <u>not registered</u> for Appellate ECF. If you are registered for Appellate ECF, do not use this form and instead log onto Appellate ECF to make your request using the event "File a Streamlined Request to Extend Time to File Brief."

**NOTE:** You may use this form only if you have not yet received any extension of time to file the brief.  If you have already received an extension of time, any request for more time must be made in writing pursuant to Ninth Circuit Rule 31-2.2 (b).

9th Circuit Case Number(s): ___

9th Circuit Case Name(s): _____

Name of party/parties requesting extension: ___

For what type of brief are you requesting an extension?
- ☐ Opening brief          ☐ Opening brief on cross-appeal
- ☐ Answering brief        ☐ Answering/opening brief on cross-appeal
- ☐ Reply brief            ☐ Reply/answering brief on cross-appeal
-                     ☐ Cross-appeal reply brief

What is your current due date? ___

You may request a new due date **up to 30 days** from your current due date.

What is your new requested due date? _____

Print Name: _____

_____ Signature: _____

_____ Date: _____

*Mail this form on or before your brief's current due date to the Court at:*
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

*The Clerk will inform you of the new briefing schedule*