# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____  )
                                          )
YOANA AYANOVA KIPRILOV,                    )
                                          )
    Plaintiff-Appellant,              )    No. 16-56647
                                          )
v.                                        )    U.S. District Court Case No.
                                          )    5:16-cv-00952-JGB-SP,
NATIONAL BOARD OF MEDICAL                  )    Central District of California,
EXAMINERS,                                 )    The Hon. Jesus G. Bernal,
                                          )    United States District Judge
    Defendant-Appellee.               )
_____  )

## APPELLEE'S RESPONSE TO APPELLANT'S STATEMENT THAT APPEAL SHOULD GO FORWARD

Eric A. Herzog  
Norton Rose Fulbright US LLP  
555 South Flower Street  
Forty-First Floor  
Los Angeles, California  90071  
Tel.:  ( 213) 892-9276  
Fax.:  (213) 892-9494  
eric.herzog@nortonrosefulbright.com  

Robert A. Burgoyne  
Norton Rose Fulbright US LLP  
799 9th St., N.W.  
Suite 1000  
Washington, D.C.  20001  
Tel.:  (202) 662-4513  
Fax:  (202) 662-4643  
robert.burgoyne@nortonrosefulbright.com  

*Counsel for Defendant-Appellee National Board of Medical Examiners*

28127390.1

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee National Board of Medical Examiners states the following:

The National Board of Medical Examiners is a non-profit entity and does not have stockholders. It does not have a parent corporation.

Defendant-Appellee National Board of Medical Examiners ("NBME") respectfully submits this response to Appellant's Statement that Appeal Should Go Forward (filed March 7, 2017). Because the appeal is frivolous, dismissal is warranted.

## PROCEDURAL HISTORY

This case was filed by an individual who failed one of the "Step" exams that comprise the United States Medical Licensing Examination, or "USMLE." The USMLE is an integral part of each state's effort to ensure that only competent and qualified individuals are licensed to practice medicine. Medical licensing authorities in every state rely upon the USMLE to help assess the qualifications of candidates for medical licenses. NBME is a non-profit entity that administers the USMLE program.

The USMLE exam involved in this case is the Step 2 Clinical Skills exam ("Step 2 CS"). The Step 2 CS exam uses standardized patients – individuals trained to portray a patient scenario – to test medical students and graduates on their ability to gather information, perform physical examinations, and communicate their findings to patients and colleagues. The exam includes twelve patient encounters, each of which is followed by the preparation of a patient note by the examinee.

Step 2 CS is a pass/fail examination on which examinees are scored on three separate subcomponents: Communication and Interpersonal Skills (CIS), Spoken English Proficiency (SEP), and Integrated Clinical Encounter (ICE). *See* www.usmle.org/step-2-cs/#scoring. The examination materials inform examinees in advance of testing that "[e]ach of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *Id*. This unambiguous policy is also set forth in a booklet titled "*Step 2 Clinical Skills (CS) Content Description and General Information*," at 10: "Each of the three subcomponents must be passed in a single administration in order to achieve a passing performance on Step 2 CS." *See* www.usmle.org/pdfs/step-2-cs/cs-info-manual.pdf.

Appellant Yoana Kiprilov ("Dr. Kiprilov") acknowledged below that test takers are "'told' by reading the official USMLE-website … that in order to achieve an 'overall' passing score on the 2 CS exam, he/she has to pass all the three parts – CIS, ICE, SEP in a single administration." Pl.'s Decl. in Supp. of Mot. for Partial S.J. at ¶ 16 (D. Ct. Dkt. 14). On each of her first two attempts on the Step 2 CS exam, however, Dr. Kiprilov passed only two of the three subcomponents. In May 2015, she passed the CIS and SEP subcomponents but failed the ICE subcomponent. In September 2015, she passed the ICE and SEP subcomponents but failed the CIS subcomponent. Thus, at the time this case was

pending in the district court, Dr. Kiprilov had taken the Step 2 CS exam twice but had not passed all three subcomponents of the exam in a single administration, as required by the USMLE's published scoring policies in order to achieve a passing result.

Rather than re-take the exam, which she was permitted to do, she filed this lawsuit, asking the district court to order NBME to recognize her "overall exam performance" as a "pass result" even though she had not passed all three subcomponents of the exam in one test administration. *See* Order at 2-3 (Aug. 25, 2016) (D. Ct. Dkt. No. 30). She filed her initial complaint on May 10, 2016 (D. Ct. Dkt. No. 1), which NBME moved to dismiss on June 7, 2016 (D. Ct. Dkt. No. 6). Dr. Kiprilov responded by filing a First Amended Complaint ("FAC"). (D. Ct. Dkt. No. 9). NBME moved to dismiss the FAC on July 15, 2016 (D. Ct. Dkt. No. 12).

In an Order dated August 25, 2016, the district court dismissed the FAC. (D. Ct. Dkt. No. 30). Noting that the FAC set forth "a series of jumbled and incoherent events," *id*. at 2, the district court identified seven causes of action that Dr. Kiprilov appeared to be asserting, *id*. at 4, including a claim for breach of contract, and held that each one failed to state a viable legal claim, *id*. at 5-14. With regard to the contract claim, the court held that Dr. Kiprilov had not identified any facts that would support the conclusion that NBME was

"contractually bound … to give her a passing score despite her failure to pass every subcomponent of the Step 2 CS in one sitting," as required by NBME's published testing rules, and that her "desire to change the policies that *actually* govern the scoring of the USMLE does not convert NBME's refusal to pass her into a breach of contract." *Id*. (original emphasis). The district court dismissed the FAC but gave plaintiff "one final opportunity" to amend her complaint against NBME. *Id*. at 14.[1]

Dr. Kiprilov filed a Second Amended Complaint ("SAC") on September 7, 2016. (D. Ct. Dkt. No. 31.). The SAC set forth a single cause of action against NBME, for breach of contract. *Id.* at 24-44. Dr. Kiprilov alleged in the SAC that NBME "breached our contract by not granting [me a] passing outcome based on my substantial performance" the two times she had taken the exam. *Id*. at 5. As relief, she asked the district court to excuse her "non-full performance" of the alleged contract and to "consider her performance as a substantial performance, based on the fact that Plaintiff passed each part of the 2 CS-exam," just not in the required single test administration. *Id.* at 44. She also requested "monetary compensation" as an "alternative" remedy, if the court did not order NBME to give her a passing Step 2 CS result. *Id*.

---

[1] The district court also dismissed her complaint with respect to a second defendant that she had sued, the Educational Commission for Foreign Medical Graduates (ECFMG), and did not allow her leave to amend her complaint against that defendant.

5

NBME moved to dismiss the SAC for failure to state a claim, and the district court again granted NBME's motion. In an Order dated October 24, 2016, the district court held that Dr. Kiprilov had "failed to assert actionable claims" against NBME despite "multiple opportunities" to do so, and dismissed her SAC with prejudice. (D. Ct. Dkt. 40 at 3).

Dr. Kiprilov filed a Notice of Appeal from the dismissal of the SAC on November 1, 2016. (D. Ct. Dkt. 42). She also filed a motion for leave to appeal *in forma pauperis*. (D. Ct. Dkt. 41). That motion has not been ruled upon and the appellate fee has not yet been paid.

On January 30, 2017, a Clerk's Order was entered by the Court, stating that a "review of the record reflects that this appeal may be frivolous." (9th Cir. Dkt. 3). Dr. Kiprilov was given 35 days either to dismiss her appeal or file a statement explaining why the appeal is not frivolous and should go forward. *Id.* The Order gave Appellee NBME 10 days to respond to any statement by Dr. Kiprilov urging that the appeal be allowed to proceed.

Dr. Kiprilov chose to file a statement urging the Court to allow her appeal to go forward. (9th Cir. Dkt. 4) (filed March 7, 2017) (the "Statement"). Like the complaints that she filed below, the Statement sets forth "a series of jumbled and incoherent events," *see* Order Dismissing FAC, D. Ct. Dkt. 30 at 2, as well as

references to inapt legal authority. It does not provide a basis for allowing the appeal to proceed.

As noted above, the primary relief requested by Dr. Kiprilov in the SAC was an order requiring NBME to grant her a passing result on the Step 2 CS exam (with an " alternative" request for "monetary compensation"). After losing in the district court, Dr. Kiprilov finally chose to re-take the Step 2 CS exam. She re-tested on January 12, 2017, and this time she passed all three subcomponents of the exam, thereby achieving an overall passing result. She was notified of her passing result on March 8, 2017. Thus, in addition to being frivolous, this appeal is altogether unnecessary: Dr. Kiprilov now has a passing result on the Step 2 CS exam, which she achieved the proper way (by re-taking the exam), not by having a court order NBME to give her a passing result that she did actually earn on her first two attempts based upon the undisputed scoring policies for the exam.

## ARGUMENT

Nothing in Dr. Kiprilov's Statement demonstrates that her appeal is anything other than frivolous. NBME therefore respectfully urges the Court to dismiss the appeal. Dismissal will prevent NBME from incurring further fees and expenses defending against Dr. Kiprilov's unwarranted legal claims, while allowing the Court to devote its time and resources to non-frivolous appeals.

Dr. Kiprilov argues that her appeal is not frivolous because there is an "arguable basis in law or fact" for her breach-of-contract claim. According to Dr. Kiprilov, (1) NBME conceded that the parties had a contract, (2) NBME breached that contract by not providing a reliable and valid exam, and (3) the invalidity is demonstrated by the fact that that she was able to pass all three parts of the exam, just not in one sitting (as required by the published scoring rules). *See* Statement at 2-11. She supplements this basic argument with a series of disjointed factual allegations and citations to legal authority that have no application to the facts of this case. *See id*. at 2-20. The Statement "mixes allegations of relevant facts, irrelevant facts, … and legal argument in a confusing way," *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996), and fails to demonstrate any possible error in the ruling below.

After allowing Dr. Kiprilov multiple opportunities to plead a viable claim against NBME, the district court correctly dismissed her Second Amended Complaint with prejudice for failure to claim for breach of contract:

> First, Plaintiff's factual assertions are wrong: NBME's publicly available information states that an examinee must pass each of the three parts in one sitting in order to receive a passing score. Second, as this Court has already explained, Plaintiff's desire to change the policies that *actually* govern the scoring of the USMLE does not convert NBME's refusal to pass her into a breach of contract.

D. Ct. Dkt. 40 at 2. Dr. Kiprilov identifies no facts that were overlooked by the district court, and no legal principles that were misapplied. Her appeal is, in fact, frivolous (as were the claims she asserted below).

## CONCLUSION

Dr. Kiprilov's appeal should be dismissed as frivolous.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Eric A. Herzog
Eric A. Herzog

*Counsel for Defendant-Appellee*
*National Board of Medical Examiners*

March 17, 2017

## CERTIFICATE OF SERVICE

I hereby certify that, on March 17, 2017, I served Appellee's Response To Appellant's Statement That Appeal Should Go Forward on Plaintiff-Appellant by placing a copy of same in the United States mail, first-class and postage-prepaid, addressed as follows:

Dr. Yoana Kiprilov
1053 E. 6th Street, Apt. 26
Ontario, CA 91764

/s/ Eric A. Herzog
Eric A. Herzog