RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 22 2017

FILED_____
DOCKETED_____
DATE     INITIAL

Appeal case No.:16-56647

# ADDENDUM
### TO THE STATEMENT THAT THE APPEAL SHOULD GO FORWARD, BASED ON RECENT CHANGE OF CIRCUMSTANCES
### (Filed by the Pro se Appellant)

Appellant respectfully submits this Addendum, since at the time of filing the Statement (March. 6, 2017) she did not have a passing score given by the Appellee-NBME (received on March 8, 2017- "the last score"). And:

**1**.Appellee's response is **un**timely (filed 11 days later, not within 10 days). Also, **NBME attempts to introduce the last score as a new evidence**, but the lawsuit concerns NBME's breach and deception based only on the previous two exam results/attempts (not the last-third one). All three exam results are completely different. The claim in this lawsuit was that **the exam is not reliable/consistent** (i.e. gives every time entirely different results) and, **if** this new score/evidence is considered, then NBME's breach is proven and the claims are "plausible", since:

"A test with poor reliability…might result in very different scores for the examinee across the two test administrations. Reliability… It has to do with the consistency".

**If** the 2017-score is considered, then **another new evidence should also be considered**. Namely, recently the American Medical Association (House of Delegates) has passed a resolution to end this exam-Step 2 CS- for US-graduates, after a petition signed by 17,000+ US-graduates. Hon. Bernal was notified about

the petition, even mentioned it in the rulings. But he disregarded that fact, as well as that **NBME did not dispute their breach based on reliability issues, and also that NBME admit officially that their current unreliable scoring policy and the unreliable exam "pose risk to the public". This is court's mistake of law and facts, intentional or not, which favored NBME and their deception.**

Appellant requested in her complaints for "**compensatory**" and "**punitive damages**" based on NBME's wrongdoing **in 2015** – i.e. NBME giving her two contradictory scores falsely claiming that the scores are reliable/valid, and NBME's refusal to combine these two scores, despite their claims in research studies that combining makes the results more "reliable". Thus, Appellant's still suffered career and financial damages, irreversible (even by the last 2017-score), with adverse future consequences- (see the Statement).

Even if the new evidence/ the last 2017-score is considered, then only the claim for the so-called "specific performance" (granting passing result based on the 2015-scores) could be omitted, but the compensatory and punitive damages should still be considered and cannot be omitted because of the already suffered **irreversible** damages – years lost in unemployment, $ 4,600 given to NBME for this unreliable exam. As well as the Appellant's future career and financial damages due to NBME's misconduct and Hon. Bernal's abuse of discretion. New evidence has to be directed back to the district court with a motion under

Fed. Rule 59 or 60. NBME cites Hon. Bernal to avoid justice, but NBME's and Hon. Bernal's statements do not correspond to the truth/facts and are meant only to favor unjustly NBME. Thus, they should be ignored, moreover Hon. Bernal made his ruling claiming/admitting that the case is "confusing" to him.

**2**. NBME was served personally, via email, and via mail on Mar. 6th, 2017

Per FRAP 25(c)(4). NBME filed **un**timely response **11** days later (Mar. **17**, 2017,12:05 pm) violating FRAP-25 (a)(2)(A), and served untimely the Appellant. NBME's untimely filed meritless/frivolous response, contradicting the "de novo review" as a widely accepted judicial approach for appeals, and the attempt to introduce new evidence should be ignored.

**3.** It was stated in another case decided by Hon. Bernal (in 2016), and currently appealed in the Ninth Circuit ("<u>Center For Biological Diversity et al v. U.S. Forest Service et al, 5:15-cv-02098)</u>, by Mr. Eddie Kurtz that: "*This appeal challenges a justice system that lets massive corporations play by a different set of rules than the rest of us*". Similarly, NBME is also such a "massive" corporation, which won the case (but not in accordance with the law /facts presented and the evidence-based research studies/expert's conclusions). **This** appeal here makes the same "challenge" as in the **abovementioned** appeal, both decided by Hon. J.G. Bernal.

**4.** In our case, Hon Bernal claimed the case is "*verbose, confusing and*

*conclusory*", although this argument does not correspond to the facts. Since "verbosity" by itself has not been used by the 9th Cir. to justify dismissals, and the case is not so verbose; the claims are not "conclus**ory**" (without evidence), but rather "conclus**ive**" (there is evidence to support the claims- research studies and experts); and not "confusing" (the claims are clearly "delineated" as well as the Defendants), as defined in Hearns v. San Bernardino 530 F.3d 1124 (9th Cir. 2008). Hon. Bernal did not consider these 9th Circuit criteria when applying this argument and inappropriately used it in our case. Hon. Bernal also cancelled all the three hearings, and thus, refused to clarify the issues, even though he claims they are so "confusing" to him. Finally, even though he claims that the case is "confusing" to him, Hon. Bernal favors NBME, but his decision cannot be considered as accurate and just and should be reversed until fully clarified to him. Also, by avoiding evidence/facts and experts' conclusions, and contradicting them in his ruling, Hon. Bernal makes his own ruling even more inaccurate and unjust. Appellant filed a motion for clarification/reconsideration under Fed. Rule 59 (e) asking the court to explain the grounds for his decision and to rule on the requests that court omitted to discuss (free third attempt, and allow Appellant to review her 2015-failed papers). The motion was never docketed and there was no response. It was stamped as "received, but not filed", although under this law it can be "filed"

when it is timely made. The court's disregard of facts/evidence and motions creates an impression of unfairness in this case.

## CONCLUSION:

Although NBME is trying to introduce **unt**imely **new** evidence (to avoid justice), it is unrelated to claims for compensatory and punitive damages based on their (2015) misconduct. Even **if** the new evidence/last score is considered, then only the claim for the so-called "specific performance" (granting passing result based on the 2015-scores) could be omitted, **but the compensatory and punitive damages should still be considered and cannot be omitted because of the already suffered irreversible damages,** as well as the Appellant's future career and financial damages.

Since NBME blackmailed Appellant to retake the exam and claimed in their research studies that with time the skills can be lost (and Hon. Bernal's ruling supported NBME's wrongdoing), Appellant retook the exam. Although Appellant is not allowed to practice and has no access to patients, surprisingly her skills to communicate with patients were not lost in 2017 and were the same (as seen in the similarity between her 2015 and 2017 passing scores on CIS and ICE parts). The last time however, NBME gave her an "overall passing outcome". Shortly put, **NBME and ECFMG did not have reasonable grounds to refuse to grant the Appellant an overall passing outcome/certification in 2015,** but due

to their greediness for more money, they blackmailed her for another $1,535 and a third attempt. Thus, it is highly likely that the Appellant will never be able to get a residency position due to the requirements (the exam should be passed on the first or the second attempt, and the time since graduation should be less than five years). It has been already 7 years, since in 2015 NBME refused to recognize Appellant's passing results (on each part of the exam), and in 2016 Hon. Bernal refused to grant "specific performance". This caused more damages to the Appellant. Finally, the court did not deny that this practice is dangerous to the public, that NBME's wrongdoing is a breach (based on the facts and reliability claims). The court's misinterpreted Appellant's "desires" (… "to change the scoring policy"), but such claims about her "*desires*" have never been made before the court. The court ruled on a non-existent claim ("desires") and on its own misinterpretation on someone's desires, not on the facts and real claims in the Complaints and the real statements made by the Appellant. By not following the law, the mistakes of facts and law, and the abuse of discretion, the lower court allowed NBME to cause more damages. **The court did not have the legal and the factual grounds to favor NBME**. Thus, justice has not been served, the ruling should be reviewed and reversed. Appellant respectfully requests the Statement and the Addendum to be considered.

Date: 03/21/2017       Respectfully submitted by the Appellant in Pro se:

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 22 2017

FILED
DOCKETED
DATE          INITIAL

9th Circuit Case Number(s) | 16-56647 |

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [          ].

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) [          ]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I ~~electronically filed~~ sent via mail the foregoing Addendum to Statement with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ 03/21/2017 ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Since Previous Addendum was sent on 03/18/2017, but was not delivered by USPS, Appellant sends this Addendum objecting to Appellee's attempt to introduce new evidence to the Ninth Circuit and due to their untimely filed response. Appellee was served personally, via email and mail served with the Statement on Mar. 6th 2017.

Signature (use "s/" format) [ s/ signature ]