**Appeal No: 16-56647**

**USDC 5:16-cv-00952-JGB-SP**

---

In

# THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

Yoana A. Kiprilov,

Appellant-Plaintiff,

-v.-

National Board of Medical Examiners,

Appellee-Defendant

## MOTION FOR SUMMARY REVERSAL AND INJUNCTIVE RELIEF
### RESPECTFULLY SUBMITTED BY THE APPELLANT

---

Appeal from the United States District Court,

Central District of California

District Court No: 5:16-cv-00952-JGB-SPx

(Hon. Jesus G. Bernal, Hon. Sherry Pym)

Appellant in Pro se

Address: 1053, E. 6th Street, Apt. 26, Ontario CA

Email: yoana_ayanova@yahoo.cm

# Case No.:16-56647
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

## MOTION FOR SUMMARY REVERSAL AND INJUNCTIONAL RELIEF

Appellant in Pro se, Yoana A. Kiprilov hereby moves this court to reverse summarily the October 24, 2016-judgment of the Hon. Jesus G. Bernal (granting NBME-appellee's motion to dismiss). The grounds are four-fold: **1)** in his ruling **Hon. Bernal admits that the case is** *"confusing and conclusory"* to him, even though both parties -the Appellant and Appellee (page ID735)- clearly state the Appellant's claims and the grounds for them in their filings (see attached). Hon. Bernal cancelled all the (three) hearings where the case could have been clarified to him. Hon. Bernal stated that the claims are *"conclusory"* , but the evidence provided in support of the claims - research studies/experts' conclusions make them "conclusive", not "conclusory"; **2)** Appellee-NBME **did not dispute the fact that they provided unreliable exam to the Appellant and used unreliable scoring that** *"poses risk to the public"* **thus, as a matter of law and facts there is a breach based on undisputed facts**; **3)** The **case is not resolved on the merits**/with respect to the reliability-claims and the substantial performance; **4)** Appellee's opposition to the appeal is **un**timely - filed 11days **after** being served with the Appellant's statement on March 6th, **and introduces**

**1 of 15**

new evidence.

**As a matter of facts and as a matter of law, there is a violation of the law: breach of contract and breach of covenant of good faith and fair dealing by NBME (which steals millions of dollars this way and endanger the public's health). If this case is dismissed, NBME's BREACH and fraudulent practice/wrongdoing will remain uncompensated, with irreparable career and financial damages to the Appellant, and justice not being served.**

In this case, Appellant amended the initial Complaint (as per FRCP 15 (a)(1)(A) **before** the case had been reviewed and decided. Thus, **Hon. Bernal only reviewed and ruled on two Complaints** (First and Second Am. Complaint- FAC and SAC), which were completely different. And **after his first dismissal** (of FAC), **he never directed or advised** what had to be cured and what was "confusing" to him, as required by this court, considering that the Appellant is in Pro se (see Hearns v. San Bernardino 530 F.3d 1124,1130 (9th Cir. 2008) citing McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996):

> *"[P]laintiffs would be well advised to edit or eliminate their twenty-six page introduction and focus on linking their factual allegations to actual legal claims"*),
> (See also **Zamnik v. Stillions , 863 F.2d 887 (9th Cir. 1988)** –
> *"The district court satisfied this requirement by instructing Zamnik on how to cure the deficiencies in the complaint, **and allowing** her three weeks to file a **third amended complaint**"*).

**Hon. Bernal did not allow a third am. Complaint, without even one hearing.**

Although Hon. Bernal has already a reputation that his rulings "*lets massive corporations play by a different set of rules than the rest of us*." (stated by Mr. E. Kurtz regarding Hon. Bernal's ruling on <u>Center For Biological Diversity et al v. United States Forest Service et al, 5:15-cv-02098</u>), Hon. Bernal could have made more efforts to clarify the case to himself by having a single hearing or stating what has to be cured between the FAC and SAC. Thus, he never ruled on the merits (the breach based on reliability issues of the exam and the scoring, and the substantial performance claim), and instead he based his ruling on his misinterpretations and misstatements of Appellant's "desire". Facts/evidence provided to him and available publicly show that it NBME's own experts "desire" and advocacy to change the current unreliable scoring, not "Plaintiff's desire" as he misstates. **His ruling is wrong as a matter of fact, and as a matter of law** (based on misinterpretation of someone's "desire", not on claims/facts/evidence presented to him. **Thus, Hon. Bernal's ruling is not judicially sustained and should be reversed and remand**.

## I.STATEMENT OF CASE:

Although inartfully plead, the Appellant (in Pro se) claimed in her complaints that NBME provided an exam with reliability issues to her and then, NBME did use unreliable (as per NBME's own experts) inaccurate scoring, as discussed in details in the Appellant's "Statement that appeal should go forward". NBME

admits (on usmle.org, as part of the contract provisions) that this exam, Step 2 CS, "was dropped" and not used before 2004 because it showed reliability problems, but now the exam is reliable. However, **Appellant's two entirely opposite exam results from her two attempts (made in a 4-month period in 2015) are the very definition and an example of an exam/test with reliability issues**. "*A test that yields similar scores for a person who repeats the test is said to measure a characteristic reliably*" ("Testing and Assessment - U.S. Dept. of Labor-ETA"). Reliability and validity are the two most important quality characteristics of every test and, "*An unreliable test offers no advantage over randomly assigning test scores to students*"(Wollack and Wells, 2012). NBME and ECFMG representatives told the Appellant that it is "*possible to pass…and fail at a later date*", but following this logic every examinee who has passed this exam has to be tested again (in a 4-month period), since "*it is possible to fail section of the exam at a later date*". **Shortly put, NBME make millions of dollars with this non-sense, by using unreliable exam and unreliable scoring and thus, more retakes.**

However, in this case, NBME have caused significant career and financial damages to the Appellant, and their unfair and fraudulent practice has been exposed with this lawsuit.

Since Appellant has passed each part of the 2 CS-exam in 2015, but NBME (and ECFMG - the dismissed Defendant) refused to give her an "overall" passing

outcome on the exam and refused certification, she invoked the doctrine of "*substantial performance*" in her last /Second Am. Complaint (SAC). Appellant also pointed out that her scores are also affected by the fact that NBME and ECFMG (both administering the exam) decreased the passing rate in 2013 for foreign graduates with 15%, and for US/Canadian graduates with only 3%, i.e. use of discriminatory scores (as described in EEOC-uniform guidelines).

## II. STATEMENT OF FACTS:

**A.** NBME did not dispute or oppose the fact that they provided unreliable exam to the Appellant and that NBME used unreliable/inaccurate scoring, this way violating the provisions of the contract for a reliable (and valid) exam/scoring. As a matter of law, based on these undisputed facts/claims, there is a breach of contract and breach of covenant of good faith and fair dealing. It was also pointed out to Hon. Bernal that NBME did not address and resolve the reliability issues after Appellant contacted them and reported the problem which, by itself, is a breach of covenant of good faith/fair dealing. The scoring is claimed to be unreliable by NBME's own experts after testing more than 65,000 examinees on 2CS-exam in two research studies (in 2001 and 2012). NBME's experts found and concluded that the scoring policy is not reliable, "poses risk to the public" and recommended a different (more reliable) way of scoring. NBME never incorporated the recommended was of scoring. NBME wants to have it both ways-providing

unreliable exam/scoring, violating the provisions for a reliable and valid exam in the contract (page ID 192, 686, 435), receiving more and more money for their unreliable product/scoring, and not being sanctioned for this breach. These efforts should not succeed.

**B**. NBME claimed that there is no breach based on the substantial performance claim, that Appellant's performance is not "substantial" or "trivial" deviation from full performance and, that this doctrine is inapplicable to this case. However, Appellant pointed out (as an example) that common testing practice, as well as the Cal. B&P Code governing medical board exams, allow parts of an exam to be taken separately (supporting the argument that Appellant's performance – passing the parts in two administrations - is "substantial").

**C.** The ruling is based on Hon. Bernal's misstatements of Appellant's "desire", which are not only wrong, but also unrelated to the Appellant's claims. The case was decided on a wrong theory (interpretation of 'desires') and has to be reversed. Regardless of what the Appellant's "desire" is, the facts/evidence show that there is a breach: NBME did not dispute/oppose the Appellant's claim that they provided unreliable exam and used unreliable scoring. Facts/evidence also show that it is not Appellant's "desire", as Hon. Bernal misstates, but rather Appellee's own experts' desire and advocacy to change the scoring policy since it is not reliable and "poses risk to the public".

**D**. Inappropriately applied law by Hon. Bernal, when dismissing the case for violation of Rule 8 (a) citing (Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)):

• Our case is not so "verbose" (Sec. Am. Complaint- 45 pages) compared to cases reviewed and described as "lengthy". The Ninth Cir. rejected the argument that a *"complaint may be found to be in violation of Rule 8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding"*. (Hearns v. San Bernardino, 530 F.3d 1124,1130 (9th Cir. 2008).

• Regarding the "confusing" argument: Hon. Bernal cancelled all the three hearings indicating that the case is clear to him, but then claimed that the case/claims are "confusing" to him. The Ninth Cir. holds that when a *"complaint contains excessive detail"*, but *"is intelligible and clearly delineate the claims and the Defendants against whom the claims are made"* (see the above cited case) there is no violation of Rule 8 (a), i.e. "Nevijel"-argument is not applicable. The claims are "clearly delineated" since NBME argues about the substantial performance.

• It has been pointed out already that Appellant's claims are con**clusive**, i.e. supported by evidence, research studies, experts' conclusions, common testing practice and testing laws. Thus, the claims not "conclu**sory**".

**E. Hon. Bernal never instructed or advised what had to be cured after** his **first dismissal of FAC**, cancelled all the three hearings, and did not allow a third

**amended complaint, having in mind that Appellant is in Pro se.**

In our case **FAC and SAC are completely different.** Any legal deficiencies in FAC have been completely cured. The breach of contract claim is based on different grounds in FAC ("component-subcomponent" wordplay used by NBME and misrepresentation) and in SAC (reliability issues and substantial performance grounds). **Thus, SAC does not merely repeat FAC**, as misstated by Hon. Bernal.

**F.** With respect to the claims on reliability grounds and the substantial performance claim, neither Hon. Bernal (claiming that the case violates FRCP 8 (a)), nor the Appellee-NBME

*"assert that the complaint fails to set forth cognizable causes of action, that the legal theories are incoherent, or that they cannot tell which causes of action are alleged against which Defendants",*

as required by the Ninth Circuit for confirming violation of Rule 8 (a). In such cases the Ninth Cir. holds that: *"We reject… and conclude that neither complaint violated Rule 8(a)"* (See <u>Hearns v. San Bernardino, 530 F.3d 1124,1130 (9th Cir. 2008).</u>

Based on all these grounds, the Ninth Circuit will very likely find and agree that the most appropriate action is to reverse and remand. **Summary reversal and remand is needed for a full resolution of the case (i.e. ruling on the merits) by confirming NBME's breach, as a matter of law, based on undisputed facts**

**and, decision on the Appellant's substantial performance, which Hon. Bernal avoided to make.** The case has to be returned to the district court and fully clarified to Hon. Bernal (since he admitted that the case/the claims are "confusing" to him). Only after the case is clarified and the ruling is on the merits, Hon. Bernal's decision can be considered judicially sustained.

**Injunctive relief is needed, since Hon. Bernal unjustly avoided to rule on it in this case. He did not apply the governing law when injunctive relief was requested** (in SAC-page ID 699, citing statutes governing injunctive relief), See also Hartman v. NBME, Case No. 10-1541 (E.D, Pa. Mar. 9, 2010), as an example of appropriately decided injunctive relief.

## III. SUMMARY REVERSAL AND REMAND IS WARRANTED, INJUNCTIVE RELIEF IS ALSO WARRANTED

**A.** The standard for summary reversal has long been settled. The standard for summary disposition is whether the merits of [the movant's] claim are so clear as to justify expedited action." See Walker v. Washington, 627 F.2d 541, 546 (D.C. Cir. 1980) ("*a party who seeks summary disposition of an appeal must demonstrate that the merits of his claim are so clear as to justify expedited action*"); Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition necessary and proper where "*the position of one of the parties is clearly*

**9 of 15**

*right as a matter of law so that there can be no substantial question as to the outcome of the case"*). In our case, **Appellant's position is clearly right as a matter of law and facts since NBME did not dispute/oppose the facts that NBME did provide unreliable exam to the Appellant and then, used unreliable way of scoring. As a matter of law, this is a breach of contract. There is a breach of covenant of good faith and fair dealing as well**, based on the same undisputed facts, and due to the inappropriately addressed reliability issues by NBME. **Appellant's position is clearly right as a matter of law and facts regarding the doctrine of substantial performance**, which is also **applicable in this case** and there is no authority that makes it inapplicable

The Ninth Circuit Advisory Committee Note to Circuit Rule 27-1 acknowledges the availability of motions for summary disposition and remand when it states that a single judge may not grant them – *"[A] single judge may not grant motions for summary disposition…or remand."* On the power to remand, see also <u>Underwood v. Commissioner of Internal Revenue, 56 F.2d 67, 73(4th Cir. 1932)</u>

>   (*"there is the well-established rule that an appellate court has the power, without determining and disposing of a case, to remand it to the lower court for further proceedings if the case has been tried **on a wrong theory**, or the record is not in condition for the appellate court to decide the question presented with justice to all parties concerned"*).

The case was decided/tried on a wrong theory since Hon. Bernal based his decision on Appellants "desires…to change scoring policy", rather than on the reliability claims and substantial performance claim.

Appellant requests this extraordinary relief because the court can readily determine by examining a small portion of the record that (1) **the case was not decided on the merits, the main claims were not addressed**, despite being facially viable and properly raised in the district court, and (2) the case was **plausible enough** (heavily supported by facts, research studies, experts' opinions, testing practices) to overcome FRCP 12 (b) (6), **but (3) the case was unjustly dismissed, and preliminary injunctive denied on clearly erroneous grounds without following the law and without considering the evidence provided.**

**B.** With respect to **the injunctive relief**, Appellant requests that the relief be granted by the Appellate court, since the district court completely ignored it when it was requested in the Complaints-FAC and SAC (see SAC), and in the motion for clarification/modification made to Hon. Bernal. Thus, it will be fruitless and "impracticable" to raise it again before Hon. Bernal.

Injunctive relief is appropriate in this case (See De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945) (**a preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted**), confirmed by several circuits, including the Second (Stewart v. U.S.

I.N.S., 762 F.2d 193, 198–99 (2nd Cir. 1985)), Fourth (Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997)), Sixth (Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010)), Eighth (Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)) and Tenth (Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)). The 9th Cir. panel was especially influenced by the Eight Circuit's Devose decision, noting that district courts in the Ninth Circuit have already abided the rule of Devose.

**The Supreme court has held that the standard is the same as for a preliminary injunction** (Nken v. Holder, 556 U.S. 418, 434 (2009) and, the *"first two factors…are more critical"*- the likelihood of success and irreparable harm. **California courts have held that** *"the greater the showing on one factor, the less must be shown on the other to support an injunction"* (Butt v. State of California (1992) 4 Cal.4th 668).

**Since facts and evidence show that**: **a)** the exam showed reliability problems, as per the very definition of "Reliability", and **b)** NBME itself publicly (and in the contract) state that combining the scores form the two attempts will make the exam more reliable (considering that CIS- part of the exam is highly subjective and *"more susceptible by rater's drift"*) and, **c)** despite that NBME refused to combine the scores and use the more reliable way of scoring (as NBME's own experts advice), **the likelihood for success on the merits is high**.

Moreover, **NBME did not dispute that they provided unreliable exam to the Appellant, used unreliable scoring, and then did nothing to resolve the problem** when Appellant contacted the NBME's CEO and the 2 CS-exam-Committee members, and reported the reliability issues to them. They wanted more money and more retakes (contrary to NBME's own published statements that retakes make the exam even more unreliable). There is also evidence (already provided to Hon. Bernal) questioning not only the reliability of the exam and the scoring, but also its usefulness in practice, considering its multiple defects and insufficiencies.

**The relief is need, and if not granted, will lead to more career and financial damages. This is because Residency program directors consider the number of attempts made on the exam (allowing not more than two attempts) and consider the years passed since the candidate's graduation from medical school**. The third attempt that the Appellant was forced to make, has decreased her chances to become a resident-physician in training, to zero. It also is highly likely that she will never be hired in a residency training program and thus, will never be a practicing physician in the USA, since program directors hire residents who graduated from medical school not more than 5 years ago. Thanks to Hon. Bernal's ruling in 2016 and NBME's misconduct in 2015 (refusing to recognize her pass results on each part of the exam as an "overall"

pass) it has been already 7 years since Appellant's graduation. Appellant will still apply, despite the minimal chances, for residency position (which starts in July 2018 and the application process begins in Oct. 2017), which is why **Appellant respectfully requests the 9th Cir to allow:**

**1) the unreliable results/scores to be removed from the Appellant's file/record, since they reflect the unreliability of the exam, not her skills** and, **only one attempt to be reported there** as an "overall" pass result. Facts show that she had the necessary skills on each part of the 2CS-Exam since 2015. NBME never denied that she passed each part of the exam in 2015, and never claimed that she lacks the skills to practice and to be certified based on her 2015-exam results. NBME's only argument in this case was that she has not complied with their money-making scoring policy (which turned out to be unreliable, as stated by NBME's own experts and proven by the research studies);

**2) the money for at least two of the attempts to be refunded** to her, as well as the money she paid for the rechecks ($3,290); Appellant was blackmailed to give more money to NBME for the unreliable exam/scoring and she gave all of her savings to NBME (and could not pay the IRS with the money she had saved).

**3) the total amount requested for irreversible career damages and significant financial losses (allowed by the law and claimed as compensatory and**

**punitive damages in the** "Statement that appeal should go forward") **to be decided either** by Hon. Bernal (although he already showed his preference toward NBME), or <u>**alternatively, Appellant requests the 9th Cir. to make this decision to prevent future appeals on this issue, and as part of the injunctive relief**</u>.

Based on the governing contract law, the evidence and the facts, and the suffered significant irreparable career and financial damages, **Appellant respectfully requests for a summary reversal of Hon. Bernal's ruling and remand for confirmation of the breach of contract and covenant of good faith and fair dealing (based on the undisputed by the parties facts)**. Appellant **also respectfully requests the Ninth Circuit to grant an injunctive relief as allowed by the law, because justice so requires**. Appellant will pursue justice until all the legal remedies have been exhausted on this case, including filing a motion to reopen the case (and her third/last score be considered, as well as the fact that American medical Association has passed a resolution to end this exam after a 2016- petition signed by more than 17,000 US medical graduates). **Alternatively, Appellant requests the Court of Appeals to review the case and apply the "*de novo*" and the "*abuse of discretion*" standards to this case.**

Date: 05/12/2017          Respectfully submitted: Appellant in Pro se

9th Circuit Case Number(s) | 16-56647

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAY 15 2017
FILED
DOCKETED  DATE  INITIAL

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > PDF Printer/Creator).

*********************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I ~~electronically~~ filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [          ].

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) [          ]

*********************************************************************

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I ~~electronically~~ via mail filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 05/12/2017 Appellant is not a registered CM/ECF-user.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. Appellee is a registered CM/ECF user.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Appellee will be served via mail, email and electronically.

Signature (use "s/" format) /s/ [signature], Appellant in Pro se.

Case N° 16-56647

**Form 6. Certificate of Compliance With Type-Volume Limit** for Appellant's Motion for summary reversal and injunctive relief.

Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with [the type-volume limit of Fed. R. App. P. [**insert Rule citation; e.g., 32(a)(7)(B)** FRAP 27(d)(2) ]] [the word limit of Fed. R. App. P. [**insert Rule citation; e.g. 5(c)(1)** 5,200 words, less than 20 pages. because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) [and [**insert applicable Rule citation, if any** Rule 27. FRAP]]:

   ☒ this document contains less than 5,200 words, and less than 20 pages.

   ☐ this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using point 14 in Times New Roman , or

   ☐ this document has been prepared in a monospaced typeface using _____ with _____.

/s/ Yoopi

Attorney for Appellant in Pro se
Dated: 05/12/2017

11/16