**CASE No.: 16-56647 (Ninth Circuit).**

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 30 2017

FILED
DOCKETED
DATE    INITIAL

## APPELLANT'S PETITION FOR PANEL REHEARING (FRAP 40) AND REHEARING EN BANC (per FRAP 35)

**This court, in his decision on this case, conflicts with its previous decisions and concerns the "public health".** In this case the Appellant, in Pro se, requested an appeal from decision of the district court on her <u>breach of contract claim</u>. The **district court did not rule on the merits, avoided to apply the governing law, and even misstates facts and evidence** favoring the multimillion-dollar business of the massive corporation-NBME. **The 9th Circuit's refusal to review the case stating that the "appeal is frivolous" (not the case) conflicts the longstanding principles established in THIS court as seen in ITS previous decisions, conflicts the law/the Constitutional right to appeal, and avoids its duty. Based on these facts, it is obvious that neither court wants to apply the law and rule against the reputable and massive corporation and serve justice.** Still, the Appellant respectively would like to request a rehearing (per FRAP 35/40), and to request that the 9th. Cir specifically **points out facts that make this appeal frivolous (since it did not point out any facts).**

**1. By dismissing this appeal, the 9th Cir.'s conflicts with its own decision in:**
*"The appellate court has a duty to affirm if all of the evidence together with favorable inferences therefrom reasonably support the determination of fact… and the judgment of the court"* (Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir.1989).*"

*"The interpretation of a contract and the determination as to its breach are a **mixed question of fact and law… "[t]he principles of contract interpretation to be applied to those facts are legal issues which this court can review**"*(United

1 of 12

States ex rel. Union Bldg. Materials Corp. v. Haas & Haynie Corp., 577 F.2d 568, 572 (**9th Cir.** 1978). See Republic Pictures Corp. v. Rogers, 213 F.2d 662, 664-65 (**9th** Cir.), cert. denied, 348 U.S. 858, 75 S.Ct. 83, 99 L.Ed. 676 (1954)." (Libby, McNeill, and Libby v. City Nat. Bank, 592 F.2d 504, 512 (9th Cir. 1978):

The Ninth Cir. court has **not** pointed out what (facts) make this case frivolous.

Although, the Appellant is put by this court in a situation where (in this Petition) she does not know what this court overlooked so that she can appropriately address it here, still - the conflicts with the court's previous decisions can be seen.

2. This case was dismissed by the lower court under **FRCP 8a**, by Hon. Bernal, citing Nevijel-argument ("verbose, confusing, conclusory" to him). In Nevijel-case however, this Court states that cases dismissed under FRCP 8 are reviewed by the appellate court for an "abuse of discretion".

"*The issues presented to this court are:*
*(1) whether the district court abused its discretion in dismissing appellants' amended complaint with prejudice for failure to comply with **rules 8(a)**...and with rules **12(b)(6)***
*..., In reviewing the propriety of dismissal under rule 41(b) we should look to see whether the district court... A district court's dismissal pursuant to rule 41(b) will be overturned on appeal only if the district court abused its discretion".*
(See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981).

"***Dismissal of a complaint for failure to comply with Fed. R. Civ. P. 8(a) is reviewed under an abuse of discretion standard***" (Stanson v. Calligan, 1993 U.S. App. LEXIS 1776 (9th Cir. 1993).

"*1915 (e)(2)(B)(ii) parallels the language of ...12(b)(6). We joint our sister circuits to employ the same **de novo standard to review** such dismissals as we use to review dismissal pursuant to 12 (b)(6)."* Barren v. Harrington, 152 F.3d 1193,. 1194 (9th Cir. 1998)."

CASE No.: 16-56647 (Ninth Circuit).

**3. See Appellant's "Statement" that appeal should go forward" and Motion for summary reversal and injunctive relief").** In this case the Appellant filed a lawsuit under the breach of contract law, since Appellee-NBME stated in the contract ("publicly available" on the usmle.org) that the exam they administer (Step 2 CS) is valid and "reliable" (although NBME admits that it was dropped before 2004 because of "issues with reliability"). Appellant's two opposite scores pass/fail on the same parts of the exam, achieved in a 4-month period, are the very definition of a reliability problem (and validity problem). Appellee used the argument that is it possible to "pass and fail at a later date, but following this logic, would mean that every examinee should be retested ( in 4 months), because it is "possible to fail at a later date". Appellee-NBME's **own experts publicly** (in two research studies posted online and on usmle.org-part of the contract) stated that the results from two attempts should be combined in order to make them *"reliable"* (thus-valid). Otherwise, more "retakes" (as per Appellee's current policy) make results unreliable and *"pose risk to the public"*. **Appellee-NBME never denied or opposed the fact that they provided unreliable exam and used unreliable scoring and that this way they endanger the "public's health".** Appellant invoked the substantial performance doctrine, applied in contracts, when a party has fulfilled the purpose of the contract (here, to show skills on each part of the exam, even if it is in two administrations). Appellee-NBME only argued

that despite their wrongdoing (providing unreliable exam, use of unreliable scoring) Appellant has not performed substantially and should retake/pay them again $1,535 if she wants certificate. It was pointed out that Common testing practice (CA-BPC §2177, Dental Board exam- Baji-case cited in the "Statement", and the CPA-exam) support the Appellant's substantial performance in this case. Moreover, under the circumstances (Appellee providing unreliable exam and using unreliable scoring) only substantial performance, and not full performance, was possible. In this case, **just like all examinees/physicians are required to know and apply the latest treatment protocols, Examiners and testing boards should also be required to apply the most reliable (evidence - based) and fair testing procedures to assess the examinees' skills and knowledge. Appellee-NBME has failed to do so in this case, moreover, the examiners themselves have never taken and passed this exam before they start to evaluate others** (and to advocate for this exam).

It was also pointed out that based on these facts, Appellee-NBME violates the covenant of good faith and fair dealing, violating CA Evid. Code 622-623, and BPC 17200 and 17500. Also, violation of EEOC-uniform guidelines in 29 CFR (1606 and 1607 – national origin discrimination) since in 2013 NBME decreased the passing rate with 3% for US/Canadian graduates vs 18% for the rest. And also, EEOC's recommendations that such exam would be better used after residency

training (see Appellant's "Statement" that appeal should go forward).

**The lower court reviewed only two complaints (First and Second Am. Complaint-FAC and SAC) before dismissing the case without advising what had to be cured between them - thus, not satisfying the Appellate court's requirements** (to advise and give directions as to what has to be cured after the first/second dismissal (in cases like "Zamnik vs. Stillions"- 9th Cir. 1988, and "Hearns v. San Bernardino" - 530 F.3d 1124 9th Cir. 2008). The breach of contract claims were based on different grounds in FAC and SAC., and substantial performance was not claimed in FAC. Absent a hearing, Hon. Bernal dismissed the SAC with prejudice, stating the case is "verbose, confusing and conclusory" to him, but still making a ruling on it (which thus, cannot be judicially sustained).

**4. The Appellant undermined the fact finder's conclusions on the matters before the court and pointed out many mistakes of law and facts, and abuse of discretion. Namely, a) Hon. Bernal conveniently avoided to mention that Appellant claims that the exam and the scoring are not reliable** based on experts' definition of reliability and NBME's recommendations for reliable scoring. And the claims are based on reliability issues and substantial performance doctrine. **Hon. Bernal did not rule on the merits, i.e. the Court did not resolve the real issues between the parties – breach based on using unreliable exam and scoring. Bernal does not even mention these claims.** Instead, there is a

ruling on non-existent claim/issue. **b) Hon. Bernal noted that substantial performance doctrine was invoked, but he never confirmed or denied its applicability in this case; c) Hon. Bernal's decision is not only made on misstated facts, but also contradicts the facts/evidence, thus - is not judicially sustained.**

Specifically, Hon. Bernal statement that there is no breach based on Appellant's *"desire to change the scoring policy"*. But Appellant never claimed that she wants to change Appellee-NBME' policy as per her "desires". Thus, Hon. Bernal's ruling is based on non-existent claim/issue. Also, fact and evidence provided to Hon. Bernal, show that **years before this lawsuit (filed in 2016), Appellee's own experts** publicly stated (**in 2001 and 2012,** based on research studies) **their "desire" to change the scoring policy because they found it was not reliable**. (*"Measurement precision for repeat examinees on a standardized patient examination."* **2012**, Adv Health Sci Educ Theory Pract. 2012 Aug;17(3):325-37. doi: 10.1007/s10459-011-9309-0. **by NBME's own experts**- Raymond MR, Swygert KA, Kahraman N. **citing** Nungster and Clauser's 2001 study).

Thus, the **facts/evidence show that it is "Appellee's own experts' desire to change the scoring", not Appellant's desire**. Thus, the ruling is based on misstatement and misrepresentation of fact/evidence. Appellant's "desire", as she clearly stated, is to have a "reliable" exam, and it is based on the Appellee's own

experts' "desire" and conclusions to change the scoring. The court also stated the claims are "conclus**ory**" (without evidence), but the Appellant's claims are supported by expert's conclusions and research studies (after testing 65,000 examinees on Step2CS), thus they are "conclu**sive**". In fact, Appellee-NBME's own statements are against their claims, which they would have to contradict in their defense if the case was allowed to go forward. Thus, Appellee-NBME's defensive claims and Hon. Bernal's ruling are conclu**sory**.

**The applicable law/doctrine of substantial performance has not been applied. The request for injunctive relief (requested in the lower court) has been ignored and not reviewed (as the law requires), as seen in <u>Hartman vs. NBME, case No: 09-5028, Eastern District Court of Pennsylvania</u>).** In PA-court Appellee-NBME claimed that EEOC-guidelines and Title VII are applicable to them and even cited them in NBME's defensive arguments. But in CA-court Appellee-NBME claimed these guidelines are not applicable to them, because Appellee-NBME is not an employer of the Appellant. However, in both cases, Hartman-case and in this case, the Appellants were only examinees on Step 2 CS, and not employees, and NBME is not their employer. Situation, in which the judicial estoppel applies when party takes opposite positions in different courts. The two federal courts contradict each other too, more specifically- 42 U.S.C. comes into effect when it is promulgated in 29 CFR, where EEOC-guidelines

states the these guidelines are applicable to *"licensing and certification boards"* which administer tests *"used for employment decisions"*. Thus, Hon. Bernal's decision in this case contradicts the PA-court, and the law.

5. **As it is seen, Appellant claims that all of the above mistakes are mistakes of fact and law since the 9TH Cir. court stated that breach of contract's issues are *"mixed question of fact and law which this court can review"*, and *"has a duty to review"*.**

> *Our newly stated "abuse of discretion" test requires us first to consider whether the district court identified the correct legal standard for decision of the issue before it. Second, the test then requires us to determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, **or without support in inferences that may be drawn from facts in the record**.* United States v. Hinkson, (9th Cir. 2009) (en banc)",585 F.3d 1247, 1261-62 ",

**In this case, Hon. Bernal's conclusion regarding the Appellant's "desire" is not supported by the evidence/facts in the record,** and based on that - the conclusion that there is not breach of contract and covenant of good faith and fair dealing is not supported by the evidence and facts on the record. **In addition – the record shows that Appellee-NBME did not dispute that they breached the contract by not providing reliable exam and reliable scoring to the Appellant. This, the court should have stacked the deck in favor of the Appellant with respect to the reliability issues. Unfortunately, 'The deck is still stacked in favor of those at the top"** (as Sec. Hillary Clinton once noted).

CASE No.: 16-56647 (Ninth Circuit).

**In truth, in this case there have been a collision between justice/law and a big million-dollar money-making unfair practice (and a massive reputable corporation -NBME). And, of course, NBME wins avoiding the law/justice.**

**Appellee-NBME filed untimely opposition to this appeal, attempting to present new evidence- the Appellant's last score. However, the case involved the previous two attempts/scores (in 2015), and the career and financial damages that these unreliable results and unreliable scoring have caused and will continue in the future to affect Appellant's medical career).**

**6. The case has never been determined to be "frivolous" by the district court**, since there have never been issues like "lack of standing", "jurisdiction" or "statute of limitations" or the "applicable law" (breach of contract-laws with the four elements, which was cited by the parties and the court, and the doctrine of substantial performance). Cases dismissed as "frivolous" by the lower court are often determined to be frivolous on appeal, as well. **The 9th Circuit did not point out ANY facts that make this appeal frivolous.**

Cases/appeals determined to be frivolous are not even remotely similar to this case.

*"An appeal is frivolous if the result is obvious"* **citing** McConnell, 661 F.2d at 118 *("barred by [statute of] limitations"… allegations of false arrests which occurred 4 to 15 years prior to filling the complaints.)* **or** *"or the appellant's arguments of error are wholly without merit.(* Libby, McNeill, and Libby v. City National Bank, 592 F.2d 504, 514 (9th Cir.1978), cited in McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981*).*

In <u>Libby, McNeill, and Libby v. City Nat. Bank, 592 F.2d 504, 512 (9th Cir. 1978)</u> a breach of contract claim, the Appellant *"lacks standing to maintain the appeal ...("CNB has no appealable interest in the suppliers' judgments against Libby");*

*"The result of that argument **is obvious**: district court properly treated the action as filed only on behalf of Mr. Schaefer...Mr. Schaefer's failure to avail himself of the proper procedures for certifying the class under Fed. R. Civ. P.... Thus, we hold that Mr. Schaefer's appeal, asking this court to do just that, is frivolous... As an attorney, he should know better.* **This court has held previously** *that a party who proceeds directly to the merits without moving for certification of the class thereby waives any right to pursue the claim as a class action. Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984)"*

*"The district court lacked jurisdiction to consider Scott's motions, and accordingly, properly denied them. We find that Scott's appeal is frivolous"* (<u>Scott v. Younger, 739 F.2d 1464,1464 (9th Cir. 1984)</u>".

*"Taxpayers' claim that their wages are not income is frivolous"* (<u>Gattuso v. Pecorella, 733 F.2d 709, 709 (9th Cir. 1984)</u>,

Frivolous is (<u>Taylor v. Sentry Life Insur. Co. 729 F.2d 652, 656 (9th Cir. 1983)</u>:*"Both parties agree that Taylor misrepresented facts about her health on her insurance application... Taylor was an obese diabetic who lied about her medical condition on her application to obtain life insurance. Her daughter's claim based on a certificate of insurance issued under such circumstances is untenable because of California statutory and case law directly on point."*

This court considered in <u>Jaeger v. Canadian Bank of Commerce, 327 F.2d 743, 746 (9th Cir. 1964)</u>, where deciding on a **loan-issue, that in such cases (agreement)** ***"the outcome was hardly obvious",*** **especially in such a "unique" case, when there is no case precedent. The is also true for our case here.** There is no other case where an examinee has passed each "separate" and "different" part of an exam and is not allowed to continue her/his training, and not allowed to review her

failing papers and to know what exactly she failed (especially since she had both "pass/fail" results on the same parts of the exam).

7. **The Appellant as a Pro se, when filing a notice of appeal, did not specifically point out all these issues of the whole case, but later corrected this in her "Statement that appeal should go forward"**. She did not provide new evidence, unlike the Appellee. And also, pointed out all the mistakes of law and facts that the lower made by not applying and following the law, and considering the facts/evidence and the claims made in this case.

**Thus, pursuing justice as per the governing law and the established principles in the legal practice, Appellant should not be sanctioned in this case, because she has been denied justice under the law. We, all, should be equal before the law, but in this case Appellee was considered "more equal than the others" and allowed to evade justice. The case has never been determined to be "frivolous", and neither is the appeal (as per the above principles in law). Appellant respectfully requests the Court to state specifically why the appeal is "frivolous" (since Hon. Richard Gabriel once stated that every judge should be able to explain her/his decision), and considering the damages to the Appellant, she believes that she is (at least) entitled to know why the appeal is dismissed as frivolous. Since justice so requires (this court conflicts with its previous decisions),**

**she requests a rehearing of the case:**

*"en banc hearing or rehearing...will not be ordered unless": "the panel decision conflicts with a decision... of the court to which the petition is addressed (with citation to the conflicting case or cases) and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions."*

Date: 05/26/2017                    Respectfully submitted: by the Appellant, in Pro se

9th Circuit Case Number(s) | 16-56647

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*******************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) _____

*******************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I ~~electronically~~ *via mail* filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 05/26/2017.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) [signed] Appellant

**Form 11.** **Certificate of Compliance Pursuant to**
**9th Circuit Rules 35-4 and 40-1 for Case Number** 16-56647

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAY 30 2017
FILED
DOCKETED ___back of___
DATE          INITIAL

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the back of each copy of the petition or answer.*

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer to petition (check applicable option):

☒ Contains  2,973  words (petitions and answers must not exceed 4,200 words), and is prepared in a format, type face, and type style that complies with Fed. R. App. P. 32(a)(4)-(6).

**or**

☒ Is in compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

Signature of Attorney or Unrepresented Litigant  [signature]   Date  05/26/2017

("s/" plus typed name is acceptable for electronically-filed documents)

(Rev.12/1/16)